UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HEYER,

    Plaintiff,                                         Civil Action No. 17-CV-13167

vs.                                                  HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S
## ATTORNEY'S MOTION FOR FEES PURSUANT TO 42 U.S.C. § 406(b)

This matter is presently before the Court on the motion of plaintiff's attorney, Wesley Lamey, for fees pursuant to 42 U.S.C. § 406(b) [docket entry 21]. Defendant has filed a response in opposition, and plaintiff's attorney has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff commenced this action in September 2017 under 42 U.S.C. § 405(g) to challenge defendant's decision denying his applications for Social Security disability insurance benefits and Supplemental Security Income. He claimed to be disabled since May 2013 due to bipolar disorder and anxiety disorder, among other impairments. In December 2017, defendant answered the complaint and filed the administrative record. In January 2018, plaintiff filed a motion for summary judgment and an eleven-page brief that made a single argument over three and one-half pages that the Administrative Law Judge ("ALJ") failed to explain adequately why, in denying his applications, she rejected the opinions of his treating physician. Defendant did not respond to this motion or file a summary judgment motion of his own. Rather, in February 2018 the Court entered a stipulated order remanding the case for further proceedings, and requiring the ALJ to offer plaintiff

the opportunity for another hearing, to reevalute the opinions of his treating physician, and to explain her reasons if she again decided to reject those opinions.

The Court remanded the matter pursuant to sentence four of § 405(g), which entitled plaintiff to seek attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In March 2018, the Court entered a stipulated order awarding plaintiff's attorney EAJA fees in the amount of $3,281.25. As he claims to have spent 18.75 hours working on this case from August 2017 to February 2018, *see* Pl.'s Mot. for Att'y Fees, Ex. E, this fee award was based on an hourly rate of $175.

On remand, the ALJ issued a fully favorable decision in January 2019, finding that plaintiff has been disabled since May 2013 due to bipolar disorder, generalized anxiety disorder, and a developmental disorder. *See id.*, Ex. A. Based largely on the opinions of plaintiff's treating physician, the ALJ found, without holding another hearing, that plaintiff is per se disabled under Listing 12.04 ("Depressive, bipolar and related disorders"). In July 2019, defendant issued a "notice of award" in which it indicated, as is customary, that he was withholding "25 percent of past due benefits in order to pay the approved representative's fee." *Id.*, Ex. B at 4. In this case, defendant has withheld $33,421.75. *Id.*

In the instant motion, plaintiff's attorney asks that the Court award him these withheld funds – every penny of the $33,421.75 – to compensate him for the 18.75 hours he has spent working on this case before this Court. Surprisingly, attorney Lamey claims that this fee would be "reasonable under the circumstances" due to "the specialized nature of disability claims, the favorable result acquired, and hours expended." *Id.* at 5. If the Court were to grant this motion in the requested amount, the fee would translate to an **hourly rate of $1,782.**

2

Plaintiff signed a fee agreement with his attorney's firm, Stu Johnson & Associates, P.C., in Warren, Michigan, which states in relevant part that "[i]f the claimant is awarded benefits . . . following an Order of Remand issued by the Appeals Council or Federal Court, the fee shall be 25% of the total past due benefits to the Claimant and/or the Claimant's family." *Id.*, Ex. C. However, as plaintiff's attorney concedes, the Court is not bound to award a fee in this amount. Instead, the Social Security Act "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Under § 406(b), the Court may award "a reasonable fee" to a prevailing claimant, "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [a favorable] judgment." As the Supreme Court noted in *Gisbrecht*, "[c]ourts . . . have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. Further, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* (citing *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) (en banc)). It is plaintiff's attorney's burden to "show that the fee sought is reasonable for the services rendered." *Id.* at 807.

In *Rodriguez*, at the page the Supreme Court cited with approval, the Sixth Circuit stated:

> [A] deduction should be made by the court if the award of benefits is so high as to cause attorney's fees to constitute a "windfall." Many courts and Congress have discussed the need to prevent windfalls for lawyers. *See, e.g., Coulter v. State of Tennessee*, *supra*, 805 F.2d at 149. . . .
>
> Although we recognize that there are cases where the lawyer's unusual skill or diligence wins the case, typically the number of hours that are required to prosecute an appeal from the Secretary's determination will not vary greatly and will bear little if

3

any relationship to the results achieved. Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

*Rodriquez*, 865 F.2d at 747 (footnote omitted).

Subsequently, in *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (citation and footnotes omitted), the Sixth Circuit stated:

We believe that, under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. Such a result would thwart Congress's intention to assure social security claimants of good representation. *See Rodriquez*, 865 F.2d at 744 ("[t]he fee approval provision is also designed to assure adequate compensation to the claimant's attorney and as a consequence to encourage attorney representation").

A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.

More recently, in *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308 (6th Cir. 2014), the court of appeals affirmed a district court's order granting fees under § 406(b) in an amount

significantly less than the 25% of past-due benefits plaintiff's attorney requested. In that case, as here, plaintiff entered into a 25% contingency fee agreement with his attorney. Twenty-five percent of the past-due benefits in that case amounted to $26,049.73. *Id.* at 308. Plaintiff's attorney spent 35.5 hours on the case. This translated to a requested hourly rate of $733.80, which the court of appeals characterized as "grossly exceed[ing] – indeed, more than quadrupl[ing] – the standard rates applied to social security fee requests in the Southern District of Ohio." *Id.* at 310. The district court found the requested amount to be a windfall and reduced the award to $12,780, which translated to an hourly rate of $360. *Id.* at 309. The court of appeals noted that in calculating the fee the district court considered, in addition to the excessiveness of the effective hourly rate plaintiff's attorney requested, "other factors, too, including counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." *Id.* at 310.

In the present case, the fee requested by plaintiff's attorney would be not just a windfall but an outrageous one. The time and effort attorney Lamey spent working on this case was minimal. His time records show thirteen entries totaling 18.75 hours, five hours of which were spent reviewing the 559-page record and six hours of which were spent researching and writing a summary judgment motion. As noted, the eleven-page summary judgment brief was "thin," to say the least, presenting a single, simple, run-of-the-mill argument (i.e., the weight defendant must accord to treating physicians' opinions) over three and one-half pages. Nor was any further effort needed in this case to persuade defense counsel to stipulate to remand the matter and to persuade the ALJ to approve plaintiff's claim. In short, the ALJ's initial decision was plainly erroneous, plaintiff's attorney pointed out this error, and the ALJ corrected the error on remand.

5

While the result achieved in this case was fully favorable, plaintiff's attorney has not met his burden to demonstrate that the enormous $33,421.75 fee he requests is reasonable. Merely asserting that the fee "is reasonable under the circumstances," Pl.'s Mot. at 5, does not make it so. As noted, this request translates to an hourly rate of $1,782. This is nearly two and one-half times higher than the rate the court of appeals in *Lasley* found to "grossly exceed[]" the standard rate awarded in social security cases. And as defendant correctly notes, it is also *more than ten times higher* than the $175/hour rate used to calculate plaintiff's fee award under the EAJA. The law requires "reasonable results in particular cases," *Gisbrecht*, 535 U.S. at 807, and by any measure attorney Lamey's fee request exceeds all bounds of reasonableness. It is all the more unreasonable when one considers the relative shortness of the administrative record, the brevity of plaintiff's summary judgment motion, the simplicity of the only substantive issue presented therein, and the ease with which a favorable ruling was obtained on remand from the ALJ who, as noted, held no further hearing and found plaintiff to be per se disabled under a Listing, as she was plainly bound to do. The "maximum fees" plaintiff's attorney requests are appropriately awarded "only . . . for extensive effort on the part of counsel who have overcome legal and factual obstacles," *Rodriguez*, 865 F.2d at 747, and no such effort or obstacles were present in this case. Nor, as defendant correctly notes, has plaintiff's attorney "cited any case in which any court in any jurisdiction has approved a similar fee for a similar effort." Def.'s Resp. at 6.

Given plaintiff's attorney's failure to provide the Court with any evidence or argument to the contrary, and in keeping with the direction provided by the cases cited above, a reasonable fee in this matter should be based on twice the standard rate applicable in social security disability matters. In the Court's experience, fees in such cases are commonly awarded in this

district under the EAJA based on an hourly rate of $175, just as they were in this case once the Court remanded the case for further proceedings. Therefore, a reasonable attorney fee in this matter is $175 x 2 x 18.75 = $6,562.50. Accordingly,

IT IS ORDERED that plaintiff's attorney's motion for fees pursuant to 42 U.S.C. § 406(b) is granted in the amount of $6,562.50. Defendant is directed to pay this amount to plaintiff's attorney and to pay the balance of the 25% of withheld past-due benefits to plaintiff.

IT IS FURTHER ORDERED that within thirty days of the date of this order plaintiff's attorney refund to plaintiff the $3,281.25 awarded in this matter under the EAJA, as required by *Gisbrecht*, 535 U.S. at 796, and that he promptly file proof with the Court that he has done so.

s/Bernard A. Friedman
Dated: August 15, 2019                    BERNARD A. FRIEDMAN
       Detroit, Michigan                  SENIOR UNITED STATES DISTRICT JUDGE